TuRley, J.
delivered the opinion of the court.
This is an action of debt brought against Micajah C. Rogers, the maker of a note, and Champion Cowan, Wm. Henderson and John Mullendore, the endorsers; a nolle prosequi was entered as to Rogers. Cowan pleaded non est factum and nil debet, and Henderson and Mullendore nil debet. On the trial the jury found a verdict in favor of Cowan upon the plea of non est factum, *71 and in favor of Henderson and Mnllendore upon their pleas of nil debet. The Circuit Judge refused a new trial, and gave judgment for the defendant, and the Bank prosecuted an appeal to this court.
On the trial the plaintiff offered in evidence the deposition of E. Alexander, which was rejected by the court, upon the ground that the defendants had not been legally notified of the time and place of taking it. It appeared, that by agreement between the parties, the deposition was to have been taken on a particular specified day, at Knoxville, provided notice were given to S. R. Rogers, an attorney of that place, and he would attend for the defendants. The deposition was not taken on that day, but a different one, and Rogers did attend. But the deposition was rejected, because it did not appear that Rogers had been employed as counsel for the defendants, and, therefore, the deposition not having been taken on the day specified by the agreement, Rogers had-no power to attend on the day it was taken on the part of the defendants. This deposition is very material against the plea of non est factum pleaded by the defendant Cowan, and in as much as the plaintiff had gone to trial under a reasonable belief that the deposition had been legally taken and could be read, in which he was mistaken, the Circuit Judge, for the attainment of justice, should have granted a new trial in order to have the deposition legally taken.
The Judge also, on the trial, excluded the evidence of the notary public who protested the note for non-payment, and directed the notices to the endorsers, because upon his examination he could not swear that he had a recollection of having done so, but believes he had, because it was so entered on his notarial book.
To require that a notary shall particularly recollect every specific case where he protests commercial paper and directs notice to the parties entitled thereto, would be to defeat recoveries to a very great extent upon such instruments, for in the nature of things it is impossible for a notary to retain such recollection when the amount of business done by him is extensive. It is sufficient in such cases, if the statement be contained in his notarial book, and it was his habit to make such'en *72 tries at the happening of the event in such cases: his belief based upon such entry is good evidence, and should be received. For want of this, the jury found a verdict upon the plea of nil debet for the defendants, Henderson and Mullendore, and they had judgment thereon.
In all this there was error, for which the judgment of the Circuit Court must be reversed} and the case remanded for a new trial.